IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 17, 2018

## JEROME LAMONT WOLLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
No. 91-S-1146      J. Randall Wyatt, Jr., Judge

_____

### No. M2017-01388-CCA-R3-PC

_____

Jerome Lamont Wolley, the Petitioner, appeals from the post-conviction court's order summarily dismissing his second post-conviction petition. Discerning no error, we affirm the post-conviction court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

Jerome Lamont Wolley, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Glenn Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual and Procedural History

In 1992, the Petitioner pled guilty to charges of first degree premeditated murder, first degree felony murder, and aggravated kidnapping in case number 91-S-1146. *See Jerome Lamont Wolley v. State*, No. 01C01-9311-CR-00402, 1994 WL 585397, at *1 (Tenn. Crim. App. Oct. 20, 1994), *perm. app. denied* (Tenn. Feb. 6, 1995). Thereafter, the Petitioner filed his first petition for post-conviction relief, which alleged that he received ineffective assistance of counsel and that his guilty pleas were involuntary and

unknowing. *Id.* The post-conviction court denied relief, and this court affirmed the denial on appeal. *Id.*

On November 6, 2015, the Petitioner filed a writ of error coram nobis, which the coram nobis court denied.[1] On March 22, 2017, the Petitioner filed a motion to reopen his first post-conviction petition. The Petitioner alleged that he had received information from his post-conviction counsel that the Federal Bureau of Investigation (FBI) had concluded that the lab report discussing the testing of DNA evidence in case number 91-S-1146 was inaccurate. More specifically, the FBI concluded that the lab report overstated "the conclusions that may appropriately be drawn from a positive association between evidentiary hair and a known hair sample." The post-conviction court denied the Petitioner's motion to reopen his first post-conviction petition on April 4, 2017.

Also on April 4, 2017, the Petitioner filed a motion to withdraw his motion to reopen his first post-conviction petition. He also filed his second post-conviction petition, which alleged the same grounds for relief as his motion to reopen his initial petition. The post-conviction court received these documents on April 7, 2017. On May 2, 2017, the Petitioner filed a Tennessee Supreme Court Rule 28 application to reopen his first post-conviction petition, which this court denied on June 21, 2017. *Jerome L. Wolley v. State*, No. M2017-00892-CCA-R28-PC, slip op. at 1, 3 (Tenn. Crim. App. June 21, 2017) (order denying permission to appeal under Tenn. Sup. Ct. R. 28, Sec. 10(b)). On May 26, 2017, the post-conviction court denied the Petitioner's motion to withdraw his motion to reopen his post-conviction petition because the post-conviction court "had already ruled on his motion to reopen his post-conviction proceedings by the time the [post-conviction] [c]ourt received the [i]nstant motion." The post-conviction court also summarily dismissed the Petitioner's second post-conviction petition under Tennessee Code Annotated section 40-30-102(c). The Petitioner now timely appeals the post-conviction court's order dismissing his second post-conviction petition.

## II. Analysis

Tennessee's Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Tenn. Code Ann. § 40-30-102(c). "If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition *shall be summarily dismissed*." *Id.* (emphasis added).

---

[1] The Petitioner's error coram nobis petition and the coram nobis court's order denying relief are not included in the appellate record. It does not appear that the Petitioner appealed the coram nobis court's denial of relief.

The Post-Conviction Procedure Act clearly states that a petitioner may only file one post-conviction petition attacking a judgment. The Petitioner previously filed a post-conviction petition attacking his convictions in this case; that petition was resolved on its merits by a court of competent jurisdiction, and this court affirmed the post-conviction court's denial of relief. *Jerome Lamont Wolley*, 1994 WL 585397, at *1. Thus, the post-conviction court in the case sub judice properly dismissed the Petitioner's second petition for post-conviction relief without a hearing.

### III. Conclusion

Based on the aforementioned reasons, we affirm the post-conviction court's summary dismissal of the Petitioner's second post-conviction petition.

_____
ROBERT L. HOLLOWAY, JR., JUDGE